LOTTINGER, Judge.
This litigation originated as a suit for personal injuries and property damage brought by Samuel E. Dawson against George S. Garig, and his liability insurer, Southern Farm Bureau Casualty Insurance Company, arising out of an automobile accident which occurred on U. S. Highway No. 190 about 7:00 P.M. on October 12, 1956. A petition of intervention was filed by United States Fire Insurance Company, collision insurer of plaintiff, seeking the sum of $695.17, being the amount it had paid the latter as a result of the accident. Before the case went to trial Dawson’s claims were compromised, thus leaving for determination only the claim of the inter-venor. The suit was decided adversely to the latter in the court below and it has appealed.
The record discloses that an additional suit arose as a result of the accident, being one brought by plaintiff’s wife against his liability insurer, Hartford Accident and Indemnity Company, and bearing No. 61,450 of the docket of the Lower Court. It was stipulated by counsel for intervenor and counsel for defendants that the instant case would be submitted on the testimony taken in suit No. 61,450 just referred to.
*453 The evidence adduced in Suit No. 61,450 reveals that the accident occurred at approximately 7:00 P.M. on U. S. Highway 190, a two-lane paved highway running in an East-West direction between Baton Rouge and Hammond. Just prior to the accident the Dawson Studebaker automobile was traveling westerly in the direction of Baton Rouge and was thus in the northern half of the road. The testimony further shows that at the time of the accident the Garig automobile was either stopped or stalled in the west bound traffic lane on the northern half of the highway. According to the witnesses Mrs. Bellos and Mr. Smith, the Garig car did not occupy any part of the east bound lane or south half of the highway.
Mrs. Bellos testified that prior to the accident she was traveling towards Denham Springs in the east bound traffic lane. She stated that there were one or two cars traveling east ahead of her but there were no cars to her rear. She stated that she saw the Garig car stalled in the north half of the highway when she was traveling at approximately twenty miles per hour, and that she could see the car when she was approximately one block west of it.
Mr. Smith, who was proceeding ahead of Mrs. Bellos, testified that he saw the Garig car approximately 250 feet before he reached it. Both of these witnesses testified that they were a considerable distance east of the Garig car when they passed the Dawson vehicle which was headed westerly toward the point of collision.
Dawson stated that he was not blinded by any lights. Both of the State Troopers who investigated the accident testified that they found no skid marks left by the Dawson vehicle.
The trial judge concluded “that the sole and proximate cause of the accident out of which this intervention arises was the negligence of Mr. Dawson in failing to observe the Garig vehicle and stop his car before striking same.” If Mrs. Bellos and Mr. Smith who had just passed the stalled Garig vehicle could see same some 250 feet or one block before reaching same, we see no reason why Mr. Dawson could not have likewise seen same from a like distance and either stopped his vehicle or gone around the stalled Garig car. We are likewise of the opinion that the sole proximate cause of the accident was the negligence of Mr. Dawson in not seeing that which he should and could have seen and not having his car under control. The question presented is purely factual and the record discloses no manifest error in the conclusions reached by the trial judge.
Accordingly, the judgment appealed from is affirmed.
Judgment Affirmed.
HERGET, J., recused.